IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

          Plaintiff,

Vs.                                            No.  07-40002-01/02-SAC

ROBERT L. JONES, and
CRYSTAL L. BLANCHARD,

          Defendants.

MEMORANDUM AND ORDER

The case comes before the court on the defendants' joint motion for the court to certify questions of law to the Kansas Supreme Court pursuant to K.S.A. § 60-3201. (Dk. 40). The defendants seek certification of questions that they argue were "controlling in the outcome of the" district court's decision that overruled their motion to suppress evidence seized during a traffic stop. (Dk. 40 p. 2). Specifically, they want the Kansas Supreme Court to interpret K.S.A. § 8-1522(a)[1] and articulate what must be shown for there to be reasonable suspicion of a violation and

---

[1] K.S.A. § 8-1522(a) states: "A vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from such lane until the driver has first ascertained that such movement can be made with safety."

to decide whether *State v. Ross*, 37 Kan. App. 2d 126, 149 P.3d 876 (2007), conflicts with Tenth Circuit precedent interpreting this same statute. The government opposes the defendants' motion pointing out that the district court's interpretation of K.S.A. § 8-1522(a) and *State v. Ross* is not determinative of the defendant's motion, for the district court also denied the motion on a sufficient alternative basis.

> As provided by statute, the Kansas Supreme Court:
>
> may answer questions of law certified to it by . . . a United States district court . . ., when requested by the certifying court if there are involved in any proceeding before it questions of law of this state which may be determinative of the cause then pending in the certifying court and as to which it appears to the certifying court there is no controlling precedent in the decisions of the supreme court and the court of appeals of this state.

K.S.A. § 60-3201.  The decision to certify is within the sound discretion of the court.  *Hartford Ins. Co. of the Midwest v. Cline*, 427 F.3d 715, 716-17 (10th Cir. 2005) (quotation omitted).  "'Certification is not to be routinely invoked whenever a federal court is presented with an unsettled question of state law.'"  *Marzolf v. Gilgore*, 924 F. Supp. 127, 129 (D. Kan.1996) (quoting *Armijo v. Ex Cam, Inc.*, 843 F.2d 406, 407 (10th Cir. 1988)). While certification is appropriate "where the legal question at issue is novel and the applicable state law is unsettled," *Allstate Ins. Co. v. Brown*, 920

F.2d 664, 667 (10th Cir. 1990), it is never compelled, see *Lehman Brothers v. Schein*, 416 U.S. 386, 390-91 (1974). Motions for certification following a district court's adverse ruling are disfavored in this circuit. See *Massengale v. Oklahoma Bd. of Med. Examiners in Optometry*, 30 F.3d 1325, 1331 (10th Cir.1994),

For several reasons, the court denies the motion to certify the defendants' proposed questions. First, the Kansas Supreme Court's answers to the proposed questions would not change the ultimate ruling on the defendants' suppression motion. The district court also denied the suppression motion on the alternative ground that there were sufficient circumstances from which Trooper Nicholas could reasonably suspect the driver was having difficulty staying awake. (Dk. 36, pp. 35-36). Thus, the defendant's proposed questions of law are not "determinative of the cause" before this court, as required by K.S.A. 60-3201. Second, the defendants delayed in seeking certification until after the court's ruling on the suppression motion. "Late requests for certification are rarely granted . . . and are generally disapproved, particularly when the district court has already ruled." *Boyd Rosene & Associates v. Kansas Mun. Gas Agency*, 178 F.3d 1363, 1364 (10th Cir. 1999). When the defendants filed their

motion, they should have known of the ambiguity in the *Ross* opinion and how that ambiguity had resulted in the conflicting interpretations found in *United States v. Brown*, 2007 WL 1241646 at *6 (10th Cir. Apr. 20, 2007)[2], and *United States v. Lopez*, 485 F. Supp. 2d 1226 (D. Kan. 2007)[3]. Finally, the court does not consider the goals of the certification to be well- served by granting the defendants' motion here. "'When used properly, certification 'saves time, energy, and resources, and helps build a cooperative judicial federalism.'" *Boyd Rosene & Associates v. Kansas Mun. Gas Agency*, 178 F.3d at 1365 (quoting *Lehman Bros. v. Schein*, 416 U.S. 386, 390-91 (1974)). Certification now would not serve these important policy interests, as the court and parties have already expended time and resources in briefing and determining the issues which are likely to be repeated and

---

[2] "[A]n officer may reasonably suspect that the driver did not purposely move out of the lane and, thereby, failed to first ascertain that one or more of those departures could be "made with safety," in violation of K.S.A. § 8-1522(a)." *United States v. Brown*, 2007 WL 1241646 at *6 (10th Cir. Apr. 20, 2007).

[3] "The appropriate standard when evaluating a violation of K.S.A. § 8-1522, therefore, is whether the vehicle crossed the fog line when it was not safe to do so. Based on this standard, the facts in this case do not support a reasonable suspicion that Mr. Lopez violated K.S.A. 8-1522. There is no indication in the record that Mr. Lopez crossed over the fog line when it was unsafe to do so." *United States v. Lopez*, 485 F. Supp. 2d 1226, 1232 (D. Kan. 2007)

resolved in the near future in state court.

IT IS THEREFORE ORDERED that the defendants' joint motion for the court to certify questions of law to the Kansas Supreme Court pursuant to K.S.A. § 60-3201 (Dk. 40) is denied.

Dated this 19th day of September, 2007, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge